FILED

JUL 6 2020

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re:<br>CAROL L. ENGEN,<br><br>　　　　　　　Debtor.<br>———————————————<br>CAROL L. ENGEN,<br>　　　　　　　Appellant,<br>v.<br>JASON WILSON-AGUILAR, Chapter 13<br>Trustee,<br>　　　　　　　Appellee. | BAP No. WW-20-1019-BSG<br><br>Bk. No. 2:18-bk-12259-TWD<br><br><br>**MEMORANDUM**[*] |

Appeal from the United States Bankruptcy Court
for the Western District of Washington
Timothy W. Dore, Bankruptcy Judge, Presiding

Before:　　BRAND, SPRAKER, and GAN, Bankruptcy Judges.

## INTRODUCTION

Appellant Carol L. Engen appeals an order dismissing her chapter 13[1]

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

bankruptcy case for cause under § 1307(c). We AFFIRM.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.      Engen's bankruptcy filing and the IRS's proof of claim**

The Internal Revenue Service ("IRS") filed a complaint against Engen in the district court to reduce to judgment outstanding tax assessments and foreclose tax liens on Engen's real property in Washington ("Property"). Engen responded by filing her chapter 13 bankruptcy case on June 6, 2018. Jason Wilson-Aguilar was the chapter 13 trustee ("Trustee").

The IRS, Engen's only creditor of note, filed an amended secured proof of claim for $250,517.27. Engen objected to the claim. The bankruptcy court overruled the claim objection without prejudice, determining that the complex tax matter should be resolved by an adversary proceeding.

The bankruptcy court entered an order confirming Engen's chapter 13 plan on October 13, 2018 ("Plan"). The 36-month Plan provided for a 100% dividend to creditors via two sources:  (1) a $100.00 monthly plan payment; and (2) the sale of the Property within 18 months of the petition date, or December 6, 2019. Engen had to obtain the bankruptcy court's approval prior to selling the Property.

Meanwhile, Engen continued to dispute the IRS's claim. With the assistance of counsel, she timely filed her adversary complaint against the IRS. This was followed by various pro se motions for summary judgment, wherein Engen, among other things, challenged the IRS's standing. After a

2

hearing, the bankruptcy court denied Engen's motions. On Engen's motion under Civil Rule 41(a)(2), the bankruptcy court dismissed the adversary proceeding on June 12, 2019.

Undeterred, Engen then challenged the IRS's claim with a series of motions filed in the main case. One was her "Notice of Legal Conundrum" filed on November 12, 2019. While difficult to decipher, Engen argued that the claim was or could be satisfied with valuable "securities" which she recently discovered had been created and titled in her name. Engen maintained that the only reason she agreed in her Plan to sell the Property to pay claims and administrative expenses was because she was unaware of these securities when the Plan was confirmed. Now, given their existence and value, Engen maintained that she would not comply with the terms of the Plan and sell the Property: "Going forward, the real estate asset will not be used to pay a single penny of any claims or expenses . . . ." Engen also maintained that the Plan required modification, but that she could not file a motion to modify until obtaining the necessary information about the securities assets, which she claimed were property of the estate. After a hearing, the bankruptcy court entered an order denying the Notice of Legal Conundrum for lack of merit.

**B.    Trustee's motion to dismiss**

On December 6, 2019, Trustee moved to dismiss Engen's chapter 13 case, arguing that "cause" existed to dismiss under § 1307(c)(1) and (6):

Engen was in material default of her Plan by failing to sell the Property by December 6, 2019, and, by failing to do so, she had caused unreasonable delay that was prejudicial to creditors who would be paid from the proceeds. To date, Trustee had not made any Plan payments to creditors but paid only Engen's former attorney $1,606.70 pursuant to the Plan and the court's order approving fees. Trustee did not take a position on the IRS's claim, but noted only that the IRS held an allowed claim due to Engen's inability to successfully challenge it.

Engen opposed the motion to dismiss, arguing that Trustee had filed it in bad faith. As for her alleged material default, Engen argued that her previous attorney had told her she had 18 months from the Plan confirmation date, not the petition date, to sell the Property. Thus, she mistakenly believed she had until April 2020 to sell it. Engen also argued that dismissing the case before resolving the IRS's claim was premature.

After a hearing, the bankruptcy court issued an oral ruling granting the motion to dismiss for "cause" under § 1307(c)(1) and (6), which was followed by a written order. Engen timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Did the bankruptcy court abuse its discretion when it dismissed

4

Engen's chapter 13 case?

## IV. STANDARD OF REVIEW

We review the bankruptcy court's chapter 13 case dismissal for an abuse of discretion. *Schlegel v. Billingslea (In re Schlegel)*, 526 B.R. 333, 338 (9th Cir. BAP 2015). A bankruptcy court abuses its discretion if it applies the wrong law or its factual findings are illogical, implausible, or without support in the record. *Id.* (citing *TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011)).

## V. DISCUSSION

Under § 1307(c), the bankruptcy court may dismiss a chapter 13 case for cause. The statute sets forth a non-exhaustive list of grounds that constitute "cause" for dismissal or conversion, whichever is in the best interests of the estate's creditors. *de la Salle v. U.S. Bank, N.A. (In re de la Salle)*, 461 B.R. 593, 605 (9th Cir. BAP 2011).

We see no abuse of discretion by the bankruptcy court in finding that "cause" existed to dismiss Engen's case under § 1307(c). Specifically, the court found that her failure to sell the Property by December 6, 2019, constituted a material default with respect to a term of her confirmed Plan under § 1307(c)(6).[2] To date, Engen had not taken any steps to sell the Property. In fact, she stated in her Notice of Legal Conundrum filed three weeks earlier

---

[2] Section 1307(c)(6) gives the bankruptcy court discretion to dismiss based on "material default by the debtor with respect to a term of a confirmed plan."

that she had no intent to comply with the terms of the Plan and sell the Property. However, absent the sale of the Property, creditors would not be paid in full per the terms of the Plan. In particular, the IRS had received nothing on its allowed claim for 18 months, and it would receive nothing without a sale.

Engen argues that dismissal of her case was premature. She argues that not all assets were accounted for, and had they been, she could have modified the Plan to pay creditors. As for the alleged "securities" assets that Engen argued did or could pay the IRS's claim in full, the bankruptcy court considered that argument and ruled that it lacked merit. The court further noted that Engen's monthly payment of $100.00, even if extended to 60 months, provided only $6,000 to creditors. The administrative expenses of Engen's former attorneys alone totaled over $18,000. Thus, even if the IRS's claim was reduced to $0, sale of the Property was required to complete the Plan.

The only other decipherable argument Engen asserts is that the bankruptcy court refused to adjudicate the issues properly presented to it, namely the merits of the IRS's claim. The record belies this. Engen was given ample opportunity over the course of 18 months to advance a legitimate challenge to the IRS's claim and she failed to do so. Given the complexity of the claim, the court directed Engen to file an adversary proceeding to resolve it. She did so. For whatever reason, she voluntarily dismissed it. Engen then

filed multiple motions in the main case to defeat the IRS's claim, even though the court had already made clear that filing motions was not the proper procedure for accomplishing that task. In any case, the court still heard those motions and ruled on their merits. Engen was not successful in her efforts.

Once the court has found "cause" under § 1307(c), it must decide whether converting or dismissing the case is in best interests of the creditors and the estate. *In re de la Salle*, 461 B.R. at 605. Although Engen does not raise the issue, we also see no abuse of discretion by the bankruptcy court in deciding that dismissal, as opposed to conversion, was in the best interests of creditors and the estate. The court determined that dismissal was favored in this case because (1) it was essentially a two-party dispute between Engen and the IRS; the only other allowed claims were administrative expense claims and a small claim filed by Verizon; and (2) the legal proceeding already pending in the district court between Engen and the IRS when she filed her bankruptcy case could now be completed. In short, Engen had no real need for the bankruptcy.

## VI. CONCLUSION

For the reasons stated above, we AFFIRM.

7